**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4014**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZACKERY CRAIG CLINE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:17-cr-00167-TDS-1)

Submitted:  June 21, 2018                                            Decided:  July 11, 2018

Before GREGORY, Chief Judge, and MOTZ and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zackery Craig Cline appeals the 41-month sentence imposed upon his guilty plea to one count of maintaining a premises for the purposes of manufacturing or distributing a controlled substance, 21 U.S.C. § 856(a)(1), (b) (2012). Cline's sole claim on appeal is that the two-level enhancement he received at sentencing for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, U.S. Sentencing Guidelines Manual ("USSG"), § 2D1.1(b)(12) (2016), constituted impermissible double-counting. Finding no error, we affirm.

We review Cline's sentence "under a deferential abuse-of-discretion standard," looking first to whether the district court committed a "significant procedural error" such as improperly calculating the Guidelines range. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[ ] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012) (internal quotation marks and alteration omitted).

Here, Cline's base offense level was determined based on the quantity of drugs attributed to him, in accordance with USSG § 2D1.8 (providing that base offense level for violation of 21 U.S.C. § 856 is "the offense level from § 2D1.1 applicable to the underlying controlled substance offense"), and was not based on the specific offense of conviction. In any event, the Guidelines allow double counting unless specifically prohibited. *See United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). "Double

2

counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." *Id.* (internal citation omitted); *see also United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010) ("[T]here is a presumption that double counting is proper where not expressly prohibited by the guidelines."). Because the Guidelines do not prohibit the application of the two-level enhancement under § 2D1.1(b)(12) where a defendant is convicted under 21 U.S.C. § 856, we find there was no impermissible double-counting.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*